**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1168
_____

BEATRICE MUSU MCCARTHY,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of a Decision of the Board of Immigration Appeals
(Agency No. A091-434-051)
Immigration Judge: Honorable John P. Ellington
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 28, 2018
_____

Before:  AMBRO, CHAGARES, and GREENAWAY, JR., *Circuit Judges*

(Opinion Filed: October 3, 2018)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Beatrice McCarthy is removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(i)–(iii), as an alien convicted of multiple crimes involving moral turpitude, as well as an aggravated felony. She petitions for review of a final order of the Board of Immigration Appeals ("BIA") denying her applications for withholding of removal and protection under the Convention Against Torture ("CAT"). For the reasons that follow, we will dismiss McCarthy's petition for lack of jurisdiction.

## I.     Facts & Procedural Background

McCarthy, a native and citizen of Liberia, was admitted to the United States as a legal permanent resident in July 1990. On November 13, 1992, she was convicted of credit card theft and credit card forgery, in violation of Va. Code Ann. §§ 18.2-192 and 18.2-193, respectively. For these offenses, McCarthy was sentenced to two years' imprisonment. Subsequently, she was placed in removal proceedings in late 1993, but an Immigration Judge ("IJ") terminated proceedings after McCarthy applied for asylum.

In September 2016, McCarthy was convicted of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. Following the conviction, removal proceedings were commenced through the filing of a Notice to Appear ("NTA"). The NTA charged McCarthy as removable on three bases: (1) 8 U.S.C. § 1227(a)(2)(A)(i), as an alien who was convicted of a crime involving moral turpitude; (2) 8 U.S.C. § 1227(a)(2)(A)(ii), as an admitted alien who was convicted of two or more crimes involving moral turpitude

2

that do not stem from a single criminal scheme; and (3) 8 U.S.C. § 1227(a)(2)(A)(iii), as an admitted alien convicted of an aggravated felony.

McCarthy appeared before an IJ and, through counsel, admitted the factual allegations in the NTA and conceded removability on all charges. Accordingly, she pursued relief under withholding of removal and the CAT. At the individual hearing, McCarthy testified to her fear of returning to Liberia. Specifically, she indicated that she was raped by an adult neighbor when she was twelve years old, and that no investigation was conducted or arrests made. In addition, she indicated that, because she is member of the Vai tribe, who live primarily in northern Liberia near the Sierra Leone border, female genital mutilation ("FGM") is common practice among her peers. McCarthy testified that she was subjected to FGM by her parents when she was fourteen or fifteen years old. Before the procedure occurred, however, McCarthy ran away with her aunt to another city. She and her aunt lived in that city for the next five or six years until McCarthy immigrated to the United States.

McCarthy further testified that, at the time of the hearing, she had not been in Liberia for nearly forty years, and had no family, money, or support system there. She specified that women are generally treated poorly in Liberia, and that she would be incarcerated immediately upon returning to Liberia and will not be provided food or the necessary medical treatment for her health issues (hypertension, high blood pressure,

3

high cholesterol, and glaucoma). Even if she were not incarcerated, McCarthy continued, she believed she would be homeless in Liberia and therefore more susceptible to crime.[1]

In a written decision and order, the IJ found McCarthy's testimony credible "as to her past experiences and her subjective fears of return to Liberia" and "noted no significant inconsistencies in her testimony" nor "any effort to mislead the Court." App. 11. The IJ concluded that "the circumstances in this case do not warrant a finding that [McCarthy]'s conviction was for a particularly serious crime," therefore allowing her to remain eligible for withholding of removal. App. 12. Examining the merits of McCarthy's withholding of removal claim, the IJ determined that McCarthy's rape was not on account of a protected ground; rather, she was "the victim of a crime, not persecution." App. 13. Moreover, the IJ found that McCarthy had not suffered past persecution when her parents attempted to subject her to FGM, and that she had not established that she would more likely than not be subjected to FGM upon her return to Liberia. Finally, the IJ also found that McCarthy failed to establish that it is more likely than not she would be immediately detained upon her removal to Liberia, but even if she were detained, the IJ determined, she was not likely to be deprived of medical care. Accordingly, the IJ denied her applications for withholding of removal and for protection under the CAT.

---

[1] McCarthy also proffered the testimony of her cousin, who corroborated her testimony that FGM is common among the Vai people and that she has no family in Liberia.

On appeal, the BIA agreed with the decision and order of the IJ. In particular, the BIA determined that there was no clear error in the IJ's decision and order, and it concurred that McCarthy had not established past persecution or a clear probability of future persecution. The BIA also agreed with the IJ's conclusion that protection under the CAT was not warranted. Thus, the BIA dismissed McCarthy's appeal. This timely petition followed.

## II.     Jurisdiction

The BIA had jurisdiction pursuant to 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. Pursuant to 8 U.S.C. § 1252, we have jurisdiction to review final orders of removal by the BIA. But Congress has stripped our ability to review "any final order of removal" for certain categories of criminal aliens, including aliens who, like McCarthy, are removable as aliens convicted of an aggravated felony. 8 U.S.C. § 1252(a)(2)(C). Because McCarthy is an alien convicted of an aggravated felony, we do not have jurisdiction to review the BIA's order unless she raises a "colorable" legal or constitutional question. *Id.* § 1252(a)(2)(D); *Alimbaev v. Att'y Gen.*, 872 F.3d 188, 194 (3d Cir. 2017). "A petition for review that fails to present . . . a colorable claim is nothing more than an argument that the IJ abused [its] discretion in determining that the petitioner did not meet the requirement of exceptional and extremely unusual hardship, which is a matter over which we have no jurisdiction." *Pareja v. Att'y Gen.*, 615 F.3d 180, 187 (3d Cir. 2010) (quoting *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009)).

5

McCarthy argues that the BIA erred in dismissing her appeal because she has proven past persecution based upon the rape and attempted FGM she experienced, and because these disturbing events also rise to the level of future persecution. She further contends that the BIA erred in denying her application for withholding of removal under the CAT because her "evidence and testimony established that the Liberian government is unable or unwilling to protect her from torture," and so she "is more likely than not to be tortured if she is forced to return." Pet. Br. 24.

We conclude that we do not have jurisdiction to review McCarthy's petition because she does not allege a colorable legal or constitutional claim. Here, McCarthy is challenging the factual determinations and findings of the IJ, which the BIA affirmed. In so doing, she does not invoke the Constitution or raise a question of law. We therefore lack jurisdiction to review the merits of this petition for review. Accordingly, we will dismiss this petition for lack of subject matter jurisdiction.

### III. Conclusion

For the foregoing reasons, we shall dismiss McCarthy's petition for review.